United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| OMAR M., | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00429 |
| WARDEN, PORT ISABEL DETENTION | § | |
| CENTER, *et al.*, *in their official capacities*, | § | |
| "Respondents." | § | |

**ORDER**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), "Respondents' Motion for Summary Judgment" (Dkt. No. 9) ("MSJ"), and "Petitioner's Motion to Voluntarily Dismiss Writ of Habeas Corpus" (Dkt. No. 15) ("Motion").

By his Motion, Petitioner moves for voluntary dismissal under FED. R. CIV. P. 41(a)(2) ("Rule 41(a)(2)"), explaining that his voluntary departure has obviated the need for further proceedings. *See* Dkt. No. 15.

After an adverse party has served an answer or motion for summary judgment, Rule 41(a)(2) permits an action to be "dismissed at the [petitioner's] request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *see also Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (explaining that Rule 41(a)(2) may be applied in a habeas proceeding). Such motions "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Absent plain legal prejudice or evidence of abuse by the movant, voluntary dismissals should generally be granted. *Elbaor,* 279 F.3d at 317.

Because dismissal of an otherwise moot action[1] will not result in plain legal prejudice to Respondents, and there is no evidence of abuse by Petitioner, the Court **GRANTS** Petitioner's Motion (Dkt. No. 15).

Accordingly, the Petition (Dkt. No. 1) is **DISMISSED without prejudice**. Respondents' MSJ (Dkt. No. 9) is further **DENIED** as moot. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this July 24, 2026

Rolando Olvera
United States District Judge

[1] Petitioner's release from custody—the primary relief sought in the Petition, *see generally* Dkt. No. 1—leaves no live case or controversy for the Court to resolve. *See Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (explaining that a case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party.").